# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS BREWER, | ) | 1:12-cv-01025-AWI-BAM (PC) |
|     Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1) |
|   v. | ) ) | THIRTY-DAY DEADLINE |
| R. BRAVO, | ) ) | |
|     Defendant. | ) ) ) | |

## I.    Screening Requirement and Standard

Plaintiff Curtis Brewer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on June 25, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.  **Plaintiff's Allegations**

Plaintiff is currently housed at the Lancaster State Prison. The events complained about allegedly occurred while Plaintiff was housed at Kern Valley State Prison.

Plaintiff alleges as follows: "On July 18, 2010, c/o R. Bravo allowed I/M's Smith #F24249 and Board #F16687 out of their cell to assault me, while on lockdown performing my then Men's Advisory Counsel [sic] Representative ("MAC-REP") building functions, while a substantial risk of serious harm existed, with this knowledge thereof and I was injured in the attack." (ECF No. 1, p. 3.)

Plaintiff seeks compensatory and punitive damages.

## III.  **Deficiencies of the Complaint**

Due to its abbreviated and conclusory nature, Plaintiff's complaint will be dismissed with leave to amend. To assist Plaintiff in amending his complaint, Plaintiff is provided with the applicable pleading and legal standards.

### A.  **Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is conclusory and lacks sufficient factual allegations to state a cognizable claim. Although Rule 8 demands a short and plain statement, Plaintiff's complaint must include enough facts to support a claim.

### B. Failure to Protect

Plaintiff appears to allege a claim against Correctional Officer Bravo for failure to protect him from an assault by other inmates. Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995)). To state a claim under the Eighth Amendment, the plaintiff must show that the defendant acted with deliberate indifference. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982 (1994)). Additionally, an officer can only be held liable for failing to intercede if he had a realistic opportunity to intercede and failed to do so. Cunningham v. Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

Here, Plaintiff's complaint against Defendant Bravo is based on conclusory statements. Plaintiff has not alleged sufficient facts to demonstrate that Defendant Bravo was aware that Plaintiff was at a substantial risk of serious harm from an assault by other inmates or that he had realistic opportunity to intercede. Plaintiff therefore fails to state a cognizable claim for failure to protect. As discussed below, Plaintiff will be given leave to cure this deficiency.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983.  However, the Court will provide Plaintiff with the opportunity to file an amended complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. at 676.  Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678. (quoting Twombly, 550 U.S. at 555).  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new, unrelated claims.

Finally, Plaintiff is advised that pursuant to Local Rule 220, the amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim with leave to file a first amended complaint within thirty (30) days from the date of service of this order; and

3. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **October 8, 2013**                 /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE