UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS BREWER, | ) 1:12-cv-01025-BAM (PC) |
| Plaintiff, | ) ORDER DISMISSING FIRST AMENDED |
| | ) COMPLAINT WITH LEAVE TO AMEND |
| v. | ) (ECF No. 7) |
| R. BRAVO, | ) THIRTY-DAY DEADLINE |
| Defendant. | ) |

### I.  Screening Requirement and Standard

Plaintiff Curtis Brewer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 8, 2013, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on November 8, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the Lancaster State Prison. The events complained about allegedly occurred while Plaintiff was housed at Kern Valley State Prison.

Plaintiff alleges as follows: On May 27, 2010, Inmate Cook, recognized as a Blood, assaulted another inmate, recognized as a Crip, with a homemade weapon. After this incident, all black inmates on Facility D were placed on lock down and all movement dealing with black inmates was to be done with handcuffs and escorts to keep further incidences from occurring between the two factions. These requirements were clearly stated in the program status reports issued to every control booth officer in all housing units on Facility D.

On July 18, 2010, Plaintiff was called out of his living quarters to perform his duties as a representative for the black population on the Men's Advisory Council. At 2:10 p.m., Defendant Bravo, the control booth officer, informed Plaintiff that there had been a mistake concerning the preparation of the general population food. Upon confirming that the issue had been resolved, Plaintiff exited the sally port area to inform the population that the serving of food was to be general population inmates.

1   Plaintiff entered section A of his housing unit.  Plaintiff was performing his duties by
2   letting Inmate Davis know the situation with the food.  As Plaintiff was doing so, he heard
3   someone shouting and then a door opening for the living quarters of Inmate Smith.  Plaintiff saw
4   Inmate Smith coming towards him down the stairs.  Inmate Smith stated, "What's up Bhris
5   [Plaintiff's AKA] you know the business."  Once Inmate Smith was close enough, he started to
6   throw punches at Plaintiff.  While Plaintiff was defending himself, Plaintiff caught a glimpse of
7   Inmate Board, Inmate Smith's cellmate, coming towards him.  Inmate Board joined Inmate
8   Smith in the assault.  During the assault, Plaintiff fell to the ground where he was repeatedly
9   kicked and punched until responding staff arrived and stopped the assault by using mace.
10  Plaintiff and the other inmates were placed in handcuffs and taken to medical for
11  decontamination and treatment.  They were then placed in administrative segregation.

    Plaintiff complains that Defendant Bravo violated the orders of the program status report
by allowing Inmates Smith and Board out of their living quarters without proper precautions.
Plaintiff claims that Defendant Bravo neglected his duties and failed to protect Plaintiff.

    Plaintiff seeks compensatory and punitive damages.

### III.   Discussion

Plaintiff alleges a claim against Correctional Officer Bravo for failure to protect him from an assault.  Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995)).  To state a claim under the Eighth Amendment, the plaintiff must show that the defendant acted with deliberate indifference.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires a showing that "prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety" and that there was no "reasonable justification for the deprivation, in spite of that risk."  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982 (1994)).

Here, Plaintiff has not alleged sufficient facts to demonstrate that Defendant Bravo was aware that Plaintiff was at a substantial risk of serious harm from an assault.  That Defendant

Bravo may have allowed inmates out of their cells, including Plaintiff, without handcuffs or escorts more than a month after the initial lockdown is not sufficient to establish a failure to protect.  Plaintiff has not alleged that Defendant Bravo believed Plaintiff to be a member of either gang faction involved in the May 2010 incident making him generally vulnerable to an assault.  Plaintiff also has not alleged that Defendant Bravo was aware that Plaintiff was at risk of assault from Inmates Smith or Board.  Plaintiff therefore fails to state a cognizable claim for failure to protect.  As discussed below, Plaintiff will be given leave to cure this deficiency.

### IV.     Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983.  However, the Court will provide Plaintiff with the opportunity to file an amended complaint.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. at 676.  Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678. (quoting Twombly, 550 U.S. at 555).  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new, unrelated claims.

Finally, Plaintiff is advised that pursuant to Local Rule 220, the amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's first amended complaint is dismissed for failure to state a claim with leave to file a second amended complaint within thirty (30) days from the date of service of this order; and

3. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **November 18, 2013**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE