# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS BREWER, | ) 1:12-cv-01025-BAM (PC) |
| Plaintiff, | ) ORDER DISMISSING ACTION FOR |
| v. | ) FAILURE TO STATE A CLAIM |
| R. BRAVO, | ) |
| Defendant. | ) |

**I.     Screening Requirement and Standard**

Plaintiff Curtis Brewer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 19, 2013, the Court dismissed Plaintiff's first amended complaint with leave to amend. Plaintiff's second amended complaint, filed on December 26, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the Lancaster State Prison. The events complained about allegedly occurred while Plaintiff was housed at Kern Valley State Prison.

Plaintiff alleges as follows:

PLAINTIFF CONTAINS THAT PRE CALIFORNIA RULES AND REGULATION OF OPERATION MANUAL SECT. 51040, 6, 501040.6, AND 51040.6, 2 PROVES THAT VERY STAFF MEMBER ASSIGNED TO ANY POST IS MADE TO SIGN ACKNOWLEDGEMENT [SIC] FORM MAKING SURE THAT HE OR SHE HAS BEEN INFORMED OF ALL ACTIVITIES CONCERNING ALL MOVEMENT STATUS, SECURITY THREAT AND CONCERNS FURTHER DUE THE ESCALATING ACTIONS OF VIOLENCE AND THE CONVERSION FROM A GENERAL POPULATION FACILITY TO A SENSITIVE NEEDS FACILITY DURING AN ACTIVE LOCK DOWN BETWEEN TWO GROUPS, EG, BLOODS AND CRIPS STREET GANGS. ALONG WITH THIS INFORMATION IS A MEMORANDUM FURTHER OUTLINING EACH INMATES IDENTIFIED TO BE EITHER A DOCUMENTED OR ASSOCIATED AND EVEN HOUSED WITH EITHER A BLOOD OR CRIP.

THESE DOCUMETNS ARE PLACED IN EVERY ASSIGNED POST EACH SHIFT WHICH THEY MUST READ AND COMPREHEND EACH

MEMORANDUM WHEN THEY TAKE PASSION [SIC] OF THEIR POST PER WATCH.

IF C/O BRAVO HAD FOLLOWED HIS DOCUMENTED POST ORDER TO THE LETTER PLAINTIFF WOULD HAVE NEVER BEEN ASSAULTED BECAUSE DEFENDANT WOULD HAVE KNOWN OF THE SUBSTANTUAL [SIC] RISK OF VIOLENCE IF ANY INTERACTION BETWEEN ANY INMATE BELONGING OR HOUSED WITH THE DISRUPTIVE GROUP.  BY C/O BRAVO WILLINGLY AND KNOWINGLY OPENING INMATES SMITH AND INMATES BOARDS CELL DOOR FULLY AWARE THAT PLAINTIFF BREWER (AKA BHRIS) IS EITHER A BLOOD OR HOUSED WITH BLOOD OR ASSOCIATED.  FURTHER C/O BRAVO KNEW DUE TO HIS POST ORDERS WHICH HE SIGNED THAT EITHER INMATE SMITH OR INMMATE [SIC] BOARD WERE DOCUMENTED CRIPS PROVING THAT HE HAD PRIOR KNOWLEDGE OF A SUBSTANTIAL RISK OF VIOLENCE DUE TO ANY INTERACTION OF ANY PERSON BELONGING TO EITHER DISRUPTIVE GROUP.

Plaintiff seeks an award of damages.

**III.     Discussion**

At best, Plaintiff's allegations are disjointed and conclusory.  Plaintiff appears to allege a claim against Correctional Officer Bravo for failure to protect him from an assault.  Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472, 115 S. Ct. 2293 (1995)).  To state a claim under the Eighth Amendment, the plaintiff must show that the defendant acted with deliberate indifference. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).  Deliberate indifference requires a showing that "prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety" and that there was no "reasonable justification for the deprivation, in spite of that risk."  Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982 (1994)).

Here, Plaintiff has not alleged sufficient facts to demonstrate that Defendant Bravo was aware that Plaintiff was at a substantial risk of serious harm from an assault.  That Defendant Bravo may have allowed inmates out of their cells, including Plaintiff, is not sufficient to establish a failure to protect.  Plaintiff has not alleged that Defendant Bravo was aware that

3

Plaintiff was at risk of assault from Inmates Smith or Board.  Plaintiff therefore fails to state a cognizable claim for failure to protect.  Despite being provided with the relevant legal standard and multiple opportunities to amend his complaint, Plaintiff has been unable to cure the identified deficiencies.

### IV.     Conclusion and Order

Plaintiff's second amended complaint fails to state a cognizable claim upon which relief may be granted under section 1983.  Despite being provided the relevant legal standards and multiple opportunities to amend, Plaintiff has been unable to state a cognizable claim and further leave to amend will not be granted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY ORDERED that this action is DISMISSED, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **December 31, 2013**           /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE